## CHEESEMAN *a.* STURGES.

*New York Superior Court; General Term, December,* 1860.

### AMENDMENT.—SUPPLEMENTAL COMPLAINT.

The plaintiff, in an action brought to compel a delivery of stock, and for settlement of an account connected with it, cannot, after a lapse of several years, during which, with knowledge of the facts, he has prosecuted the claim in that aspect, and obtained and acquiesced in a judgment thereon, be allowed to file a supplemental complaint, changing his claim to a demand for damages by reason of a dealing in such stock.[*]

Appeal from an order allowing plaintiff to file a supplemental complaint.

This action was brought by James L. Cheeseman against James H. Sturges and others. The facts material to this appeal are fully stated in the opinion of the court.

*C. C. Nott,* for the appellants.

*J. W. Gerard,* for the respondent.

BY THE COURT.—HOFFMAN, J.—The case was before the general term of this court in April last, upon the decision of a referee, according to which judgment had been entered in the plaintiff's favor.

[*] Compare Salters *a.* Genin, 10 A*nte,* 478; 8 *Ib.,* 253.

The views of the general term of the rights of the parties upon the facts presented were these :

Cheeseman had sought and demanded an interest in certain stock of a company called The New York Ice Company, incorporated in the autumn of 1856, which stock was in the hands of the defendants, or some of them. The general term considered that he was entitled to this relief, subject to certain conditions, and to no other relief. That, as a consequence, Cheeseman was bound to pay Sturges one-third of the cash balance in Sturges' favor, arising from the advances of the latter for the concern. The referee had adjusted this balance ; it was assumed for the main question that such adjustment was right, although questioned by exceptions on the defendant's part in various particulars. So the general term held that the plaintiff should have his aliquot proportion of the stock, paying his proportion of the debt due Sturges. The referee had extinguished Sturges' money demand by so much of the stock in his hands at its par value, and then gave judgment for one-third of the residue, payable in stock (so many shares) to the plaintiff. The general term held this to be error. The plaintiff was bound to pay Sturges one-third of the balance of his cash advances in cash, and take one-third of the stock. There was nothing to warrant the imposition upon Sturges of one-third of the depreciation of the stock.

On this ground a new trial was ordered. The plaintiff took his judgment, and took neither exception nor appeal.

The supplemental complaint, allowed by the order appealed from to be plead, states that on the 27th day of January, 1857, the defendants, in combination with other companies, altered and destroyed the stock, and consolidated its property and effects with two of the companies, issued stock to the amount of $500,000, $350,000 of which was the old capital, and the remainder was based on property of said other companies, and that the certificates of the original stock were cancelled by these acts since the commencement of the action. He therefore prays judgment for the par value of the stock in cash.

It appears that the act of consolidation or increase of the capital, out of which the alleged destruction of the original stock arose, took place on the 27th day of January, 1857, and was known to and discussed by the plaintiff in February or March

of that year. On the 30th day of March it was known to him and acted upon, on a motion to dissolve the injunction, which the plaintiff had obtained on his complaint.

That injunction order, made January 27, 1857, enjoined the defendants from disposing, &c., of the capital stock which had come to their hands, as the consideration of the sale of the property, and any other stock or property which may have come into their hands, in exchange for, or in lieu of, said stock received as aforesaid.

On the 3d day of April, 1857, the motion made on the 30th day of March was decided, and an order made, by which the injunction was dissolved, except as to twenty-five thousand dollars of the stock of The New York Ice Company mentioned in the affidavit, but was ordered to be continued as to that amount. The defendants were enjoined from selling the remaining one hundred and fifty thousand dollars worth of stock for less than enough to pay the advances; and the order was not to be considered as preventing the plaintiff from claiming at the trial that the defendant, Sturges, was bound to take the stock at par for the advances made in payment of the land.

December 6, 1857, the order was modified, allowing the defendants to deposit with the clerk the stock of The New York Ice Company to the amount of $25,000, the company stipulating that the stock should not be forfeited, or an assessment collected thereon, or the defendants paying the assessment, with a lien upon the stock for it, if it should be decided that the assessment was a valid lien. Stock was deposited under this order, its conditions being complied with.

Thus the plaintiff chose to pursue the then and now existing stock for his demand, assumed the very ground in which the referee sustained him, that Sturges must be paid in stock, and got enough secured in court to insure his claim; and went on for three years with his litigation on that case, and with that object.

His suit was commenced January 21, 1857; referred April, 7, 1857; judgment had, January 10, 1859; and a new trial ordered, April, 1860.

The supplemental complaint is an attempt to change an action for the delivery of stock and settlement of an account connected with it, into a money demand for damages by reason of

a dealing with such stock, founded on facts known to the plaintiff over three years since, just after his original complaint was served, after he has gone through a protracted litigation for the stock, and taken a judgment for it, and acquiesced in that judgment because its terms were favorable.

The action was framed and tried upon the proposition that the defendants had the plaintiff's property and must deliver it, and must be restrained from parting with it. The defendants admitted they had his property, contesting the amount, but insisting that he must pay his share of their advances of it. The plaintiff now seeks to say that the defendants destroyed his property, and demands damages. This, after knowing more than three years ago every fact connected with the alleged destruction, after litigating upon his original cause of action, and after the court has determined what are his rights upon the case, he has made and adhered to. It would be marked injustice to the defendants to allow this.

The order appealed from is reversed, without costs.

## SIMMONS *a.* ELDRIDGE.

*Supreme Court, Third District; General Term, May,* 1865.

### PLEADING.—LIBERAL TESTS OF SUFFICIENCY.

Under the liberal rules of pleading established by the Code of Procedure, a complaint should not be dismissed upon the trial because it is indefinite or uncertain, or contains irrelevant or redundant matter.

Allegations of a complaint in a creditor's action *held* sufficient under this rule.*

Appeal from a judgment.

This action, which was brought by Anthony Simmons, as executor of the will of Elisha Eldridge, against Clinton Eld-

---

* The following recent decisions still further illustrate the requisities of complaints in creditors' actions:

In an action by a creditor having only a general lien by his judgment, to set